

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2234 | **DATE** | 3/22/2002 |
| **CASE TITLE** | Woods, et al. Vs. Ernst & Young LLP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Ernst & Young's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | **Document Number** |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 2 8 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 24 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JD | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DELPHINE WOODS and )
DEBORAH MAGEE, )
 )
    Plaintiffs, )
 ) No. 99 C 2234
  v. )
 ) MAR 2 8 2002
 )
ERNST & YOUNG LLP, a Limited ) Judge George M. Marovich
Liability Partnership, )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Delphine Woods ("Woods") and Deborah Magee ("Magee")(collectively "Plaintiffs") filed this action against Defendant Ernst & Young LLP ("Ernst & Young"). Plaintiffs' Complaint alleged that Ernst & Young subjected Plaintiffs to adverse employment actions because of their race and retaliated against them for filing EEOC charges in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981 ("§ 1981"). Ernst & Young now moves for summary judgment. For the reasons set forth below, Ernst & Young's motion for summary judgment is granted.

### BACKGROUND

Unless otherwise noted, the following facts are undisputed.[1]

---

  [1] The majority of these facts are taken from Ernst &
(continued...)

Woods and Magee are both African-Americans currently employed as Administrative Assistants ("AAs") in Ernst & Young's State and Local Tax ("SALT") practice. Woods has been employed by Ernst & Young since 1994 and Magee since 1996. Neither has ever been demoted, terminated, denied a promotion or suffered a decrease in salary or benefits while employed at Ernst & Young.

AAs in the SALT practice are each assigned a partner and various other accounting professionals. Assignments change occasionally and teamwork on the part of the AAs is necessary to support the SALT practice. Until 1997, there was no supervisor of the AAs in the SALT practice. Instead, AAs took their direction from the partners or senior accounting professionals to whom they were assigned. In March of 1997, Diane Wedow ("Wedow") joined Ernst & Young as the SALT practice's Office Manager. In this capacity, she supervised six AAs three of whom were African-Americans--the two defendants and a woman named Carol Smith. The other three SALT practice AAs were Caucasians--Laurie Hart, Susan Keller ("Keller") and Judy Wiehn. Wedow was in charge of distributing assignments to and evaluating the performance of the AAs. She had a "rigid authoritative management style, and was not liked by the AAs in the SALT practice." (Def.'s 56.1 ¶18.)

---

[1](...continued)
Young's 56.1(a)(3) statement. See infra Part II.

In August of 1997, Woods received a 2 overall rating for her performance from Wedow. A 2 is a "fair" rating on a scale of 5--"Performance meets some, but not all expectations and requirements. While improvement is necessary in some performance areas, it is expected that such improved performance will be achieved through increased effort or through additional experience in the position." (Def.'s 56.1 ¶39.) She also received a 2 for her dependability rating. Woods felt this did not take into account help she provided other SALT AAs with new software. This rating meant that Woods did not receive a merit increase. Wedow also assigned her 15 to 20 minutes of overtime 4 or 5 times throughout Wedow's year and a half tenure. In April of 1998, Wedow denied Woods's request to attend a computer training class which she allowed Keller, one of the Caucasian AAs, to attend.

Magee received a 3 overall rating for her performance from Wedow. A 3 is a "good" rating on a scale of 5--"Performance fully meets expectations and requirements. Performance is clearly in accord with job demands." (Def.'s 56.1 ¶41.) In that review, Wedow included her own input regarding Magee rather than relying solely on the input of the accounting professionals as prior reviews had. As a result of this review, Magee received 2% less of a merit increase than she could have receive had she been rated a 5. Approximately four times in Wedow's year and a half

tenure, she assigned Magee overtime work. And, once during that same time period, Magee was paid for time off as vacation time rather than sick time.

Plaintiffs complained internally about Wedow's management style, but never in the context of race discrimination or retaliation. In October of 1998, Ernst & Young relieved Wedow of her responsibilities as Office Manager due to effectiveness concerns. Later that month Wedow resigned. Instead of replacing Wedow, Ernst & Young eliminated her position.

On March 6, 1998, Plaintiffs filed charges of race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Both charges dealt with Wedow's conduct. In October of 1998, Plaintiffs filed charges with the EEOC relying solely on retaliation. Before the EEOC had an opportunity to conduct an investigation, Plaintiffs requested a Notice of Right to Sue on both charges. The EEOC issued the Notice of Right to Sue on January 21, 1999 and Plaintiffs filed their Complaint in this Court within the allowable 90-day period.

## DISCUSSION

### I. Standards for Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The moving party has the initial burden of submitting affidavits and other

4

evidentiary material to show the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Only genuine disputes over "material facts" can prevent a grant of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). To overcome a defendant's motion, the plaintiff cannot rest on the pleadings but must, by affidavit or other means, set forth specific facts showing that there is a genuine issue of fact. <u>See</u> Fed. R. Civ. P. 56(e). While the record "and all reasonable inferences drawn from it [are to be viewed] in the light most favorable to the party opposing the motion," <u>Bisciglia v. Kenosha Unified Sch. Dist. No. 1</u>, 45 F.3d 223, 226 (7th Cir. 1995), the non-movant must show more than "some metaphysical doubt" regarding the facts. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

II. <u>Local Rules 56.1(a)(3) & (b)(3)</u>

In addition to the requirements for summary judgment set forth in Rule 56(c), Local Rules 56.1(a)(3) and 56.1(b)(3) require the parties moving for and opposing summary judgment to state the material facts of the case supported by references to the record. Local Rule 56.1(a)(3) requires the moving party to submit a statement which sets forth facts it contends are material and which entitle the moving party to judgment as a matter of law. The movant is required to set forth each fact in

5

a short numbered paragraph and include a specific reference to the record to support the fact.

Local Rule 56.1(b)(3) requires the party opposing the motion to submit a response to each numbered paragraph of the movant's Local Rule 56.1(a)(3) statement of material facts, indicating any disagreement with the moving party. If the party opposing summary judgment fails to state any disagreement with the facts set forth in the movant's statement, those facts are deemed admitted. The standard set out in Local Rule 56.1 has been strictly enforced in this district, see Pasant v. Jackson Nat'l Life Ins. Co., 768 F. Supp. 661, 663 (N.D. Ill. 1991); Davis v. Frapolly, 756 F. Supp. 1065, 1069-70 (N.D. Ill. 1991), and in the Court of Appeals. See Brown v. United States, 976 F.2d 1104, 1108 (7th Cir. 1992); Schulz v. Serfilco, Ltd., 965 F.2d 516, 519 (7th Cir. 1992); Capitol Converting Equip., Inc. v. LEP Transp., Inc., 965 F.2d 391, 394-95 (7th Cir. 1992); Bell, Boyd & Lloyd v. Tapy, 896 F.2d 1101, 1103 (7th Cir. 1990).

Defendant Ernst & Young filed a 56.1(a)(3) statement along with its motion for summary judgment against Plaintiffs. That statement clearly sets forth the circumstances surrounding Plaintiffs' employment which include the facts that they suffered no adverse employment action and that their treatment by Wedow was not based on their race or retaliation. The statements are properly supported by both affidavits and exhibits including: the

depositions of Woods and Magee; and affidavits from Mark Brzycki, a partner in the SALT practice, and Susan Buchanan, Ernst & Young's Director of Organizational Effectiveness. Plaintiffs, in turn, filed a 56.1(b)(3) statement in response which complied with the requirements of 56.1(b)(3)(B)--"a statement of additional facts that require the denial of summary judgment." L.R. 56.1(b)(3)(B) In this statement Plaintiffs set forth the circumstances surrounding their interaction with Wedow which include the facts that: she gave them additional work; she did not give them the most favorable review or salary increases; and she criticized, accused, threatened and generally harassed them in a hostile manner. These statements are supported solely by the Plaintiffs' interrogatory responses. Ernst & Young filed a reply to this statement as provided in 56.1(a)(3). Plaintiffs statement did not, however, comply with the requirements of 56.1(b)(3)(A)--"a response to each numbered paragraph in the moving parties statement." L.R. 56.1(b)(3)(A) Thus, the facts in Ernst & Young's 56.1(a)(3) statement are deemed admitted.

III. <u>Race Discrimination Claims</u>

Plaintiffs' Complaint asserts that Ernst & Young discriminated against them due to their race in violation of Title VII and § 1981. Under Title VII, it is unlawful for an employer to discharge any individual or to otherwise discriminate against any individual with respect to her compensation, terms,

7

conditions, or privileges of employment. See 42 U.S.C. § 2000e-2(a)(1).[2]

There are two methods of proof for demonstrating alleged discrimination: (1) direct proof of discriminatory intent; or (2) indirect proof, or the burden-shifting method described in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Oates v. Discovery Zone 116 F.3d 1161, 1169-70 (7th Cir. 1997). Here, Plaintiffs' Complaint attempts to state a claim for discrimination under the indirect burden-shifting method. The mechanics of proving discrimination pursuant to this indirect burden-shifting analysis are well-settled:

> If the plaintiff establishes a prima facie case, there is a rebuttable presumption of discrimination and the employer must offer a legitimate, nondiscriminatory or non-retaliatory reason for the adverse employment action. If the employer gives a legitimate, non-discriminatory reason for the adverse employment action, the plaintiff must prove this reason is a mere pretext for discrimination.

Payne v. Milwaukee County, 146 F.3d 430, 433 (7th Cir. 1998).

To state a prima facie case, Plaintiffs must prove that: (1) they were members of a protected class; (2) they were performing according to their employer's legitimate expectations; (3) they suffered an adverse employment action; and (4) another similarly situated employee who was not in their protected class was

---

[2] Both Title VII and § 1981 discrimination claims are analyzed in the same manner. Eiland v. Trinity Hospital, 150 F.3d 747, 750 (7th Cir. 1998).

8

treated more favorably. See e.g. Plair v. E.J. Brach & Sons, Inc., 105 F.3d 343 (7th Cir. 1997).

The present facts fall far short of stating a prima facie case for discrimination. There is no dispute that the first two prongs have been satisfied--both Woods and Magee are members of a protected class and both were working up to their employer's expectation (as reflected in favorable reviews). Conversely, there are no facts to support the third or fourth prong. As to the third prong, Plaintiffs have failed to produce evidence to support their allegations that they were subject to adverse employment actions. As to the second element, adverse employment action, the Seventh Circuit has stated that:

> [i]n some cases, for example when an employee is fired, or suffers a reduction in benefits or pay, it is clear that an employee has been the victim of an adverse employment action. But an employment action does not have to be so easily quantified to be considered adverse for our purposes. 'Adverse job action is not limited solely to loss or reduction of pay or monetary benefits. It can encompass other forms of adversity as well'

Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996)(quoting Collins v. State of Illinois, 830 F.2d 692, 703 (7th Cir. 1987)). Yet, "it remains true that the adverse action must be material." Drake v. Minnesota Mining & Mfg., 134 F.3d 878, 885 (7th Cir. 1998). "[N]ot everything that makes an employee unhappy is an actionable adverse action." Id.; see also Crady v. Liberty Nat'l Bank & Trust Cor., 993 F.2d 132, 136 (7th

9

Cir. 1993)(adverse employment action "must be more disruptive than a mere inconvenience or an alteration of job responsibilities"). Differences in treatment that have "little or no effect on an employee's job" do not give rise to a Title VII retaliation claim. Sweeney v. West, 149 F.3d 550, 556 (7th Cir. 1998). Rather the conduct of which the Plaintiffs complain must have some "tangible job consequences." Id. Generally, "a materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Fortier v. Ameritech Mobile Comm. Inc., 161 F.3d 1106, 1112 n.7 (7th cir. 1998)(quoting Crady v. Liberty Nat'l Bank & Trust Co. of Indiana, 993 F.2d 132, 136 (7th Cir. 1993)). The only adverse actions on Ernst & Young's part generally alleged by the Plaintiffs is a "long period of racial harassment at Ernst & Young amounting to adverse employment actions." (Pl.'s Resp. at 3.) However, they offer no legal or factual support for this allegation.

Similarly, there are no facts to support the fourth prong. None of the facts presented indicate that any other similarly situated employees not in Plaintiffs' protected class were treated more favorably. Although Plaintiffs claim that they were "treated less favorably than similarly situated employees,"

(Plt.'s Resp. at 3.) the undisputed material facts belie that allegation. There is no evidence that any of the SALT AAs of another race were treated more favorably than the Plaintiffs. Thus, Plaintiffs have not adequately demonstrated that they were subject to adverse employment actions; nor have they demonstrated that a person of any other race involved in circumstances similar to them was treated differently with respect to treatment by their supervisor, Wedow. As such, this Court finds that Plaintiffs have not set forth a prima facie case of discrimination under Title VII.

IV. Retaliation Claim

Plaintiffs' Complaint also asserts that Ernst & Young discriminated against them in retaliation for their complaints about the alleged discrimination by Ernst & Young. Title VII prohibits, inter alia, an employer from discriminating "against any of his employees ... because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The McDonnell Douglas formula applies to retaliation claims as it does in the discrimination context. See e.g., Pafford v. Herman, 148 F.3d 658, 670 (7th Cir. 1998). Here, however, the Court need probe no further than Plaintiffs' prima facie case.

11

In order to establish a prima facie case of retaliation, Plaintiffs must establish that: (1) they engaged in a protected expression; (2) they suffered an adverse employment action by their employer; and (3) there was a causal link between the protected expression and the adverse action. See Sweeney v. West, 149 F.3d 550, 555 (7th Cir. 1998); Eiland v. Trinity Hosp., 150 F.3d 747, 753 (7th Cir. 1998). Ernst & Young does not dispute that Plaintiffs satisfy the first element here, but it contends that Plaintiffs fail to establish the second and third elements.

In their response brief, Plaintiffs vaguely assert that they suffered adverse employment action in that they were subject to a "long period of racial harassment at Ernst & Young amounting to adverse employment actions." (Plt's Resp. at 3.). However, as discussed in the context of the discrimination claims, Plaintiffs have not demonstrated that they suffered any adverse employment action.

Moreover, Plaintiffs cannot demonstrate the third prong of their prima facie claim of retaliation--a causal connection. To demonstrate a causal link, Plaintiffs must present sufficient evidence that Ernst & Young "would not have taken the adverse action 'but for' the protected expression." Adusumilli v. City of Chicago, 164 F.3d 353, 363 (7th Cir. 1998)(quoting McKenzie v. Illinois Dept. of Transp., 92 F.3d 473, 483 (7th Cir. 1996)).

Here, Plaintiffs have not presented any evidence whatsoever that connects the purported treatment by Wedow with Plaintiffs' EEOC charge. Without evidence of adverse employment action and a causal connection to the Plaintiffs protected activity (EEOC charge), Plaintiffs' retaliation claim cannot survive.

In sum, because Plaintiffs have not raised a genuine issue of material fact sufficient to demonstrate a prima facie case of retaliation, summary judgment must be granted on their retaliation claim.

## CONCLUSION

For the foregoing reasons, Ernst & Young's motion for summary judgment is granted.

ENTER:

George M. Marovich
GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: March 22, 2002

13